UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH ROSE WENZLER, | No. 2:24-cv-02561-DAD-CKD PS |
| Plaintiff, | |
| v. | ORDER |
| CIVIL SHERIFF'S BUREAU, et al., | |
| Defendants. | |

Plaintiff, Elizabeth Rose Wenzler, proceeds without counsel and seeks relief for an alleged violation of her federal civil rights based on "misconduct, bad faith, [and] very poor service from police." (ECF No. 1)[1] Plaintiff's complaint was filed on September 23, 2024, and is before the court for screening. As set forth below, the allegations in the complaint do not state a claim, but plaintiff is granted 30 days from service of this order to file an amended complaint.

Plaintiff has also filed an application in support of a request to proceed in forma pauperis. (ECF No. 2.) The application makes the showing required by 28 U.S.C. § 1915. The motion to proceed in forma pauperis is therefore granted.

////

---

[1] This matter is before the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1).

1

I.  **Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

II.  **Plaintiff's Allegations**

Plaintiff's allegations are difficult to discern, but it appears that "court papers" were not served "correctly." (ECF No. 1 at 8.)  Plaintiff further alleges a violation of her federal civil rights

2

based on the police not acting appropriately in a variety of situations. Specifically, she asserts that although she was granted three restraining orders, the "Sacramento Police Department did not list [them] in the computer." (Id. at 21.) The court is unable to discern whether the subjects of the restraining orders violated them, or that plaintiff communicated any breach to the police.

### III.     The complaint fails to state a claim.

To state a claim under the Civil Rights Act, 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). While plaintiff's complaint describes her dissatisfaction with the actions of the police, she fails to provide sufficient information for the court to understand her allegations. For a complaint to be clear, it should provide the who, what, where, and why of the circumstances a plaintiff wishes the court to address.  Without that information, a complaint cannot proceed.

### IV.     Conclusion and Order

The complaint fails to state a claim for a violation of plaintiff's federal civil rights and must be dismissed. Plaintiff is granted leave to file an amended complaint within the time frame set forth below. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); Fed. R. Civ. P. 15(a) (Leave to amend should be "freely given when justice so requires.").

If plaintiff elects to file an amended complaint, it should be titled "First Amended Complaint" and reference the appropriate case number. An amended complaint must be complete in itself without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967); Local Rule 220. If plaintiff elects to file an amended complaint, the complaint should allege in specific terms how each named defendant is involved in the alleged violations.

In accordance with the above, IT IS ORDERED:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff's complaint (ECF No. 1) is dismissed for failure to state a claim.

3. Plaintiff is granted thirty (30) days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure

and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; plaintiff is cautioned that failure to file an amended complaint or otherwise respond to this order will result in a recommendation that this action be dismissed.

Dated:  March 11, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKDWenzler2571.srn